# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

MELVIN T. BROWN,       )
                       )
     Plaintiff,        )
                       )
v.                   )         CV422-221
                       )
JARED LEE,          )
                       )
     Defendant.     )

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Melvin T. Brown has filed this 42 U.S.C. § 1983 action objecting to his treatment by Savannah Police Officer Jared Lee during a January 2022 encounter. *See* doc. 1 at 5. The Court granted his request to proceed *in forma pauperis*. Doc. 5. He has returned the required forms. *See* docs. 6 & 7. Accordingly, the Court proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

### I.    SCREENING

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Brown is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Even charitably construed, Brown's factual allegations are confusing. He alleges that he was "approached" by Lee on January 15, 2022. *See* doc. 1 at 5. He alleges that Lee detained him and informed him it was based on a "warrant for commit of court." *Id.* Brown does not allege that the "warrant" was invalid or an otherwise unlawful basis for his arrest. *See id.* He alleges that Lee placed him in a vehicle for a period of time and told Brown that he "would be released due to COVID." *Id.* The events after that statement are not clear. *See id.* It appears that Lee transported Brown to at least one other location. *See id.* ("They then took me to Ross Road and they had me there."). Brown also alleges that Lee seized a watch from him. *Id.* Finally, he describes a previous encounter with Lee, apparently during a traffic stop, where he alleges Lee "attacked the person that was on the side of [him]." *Id.*

The relief that Brown requests does little to clarify the nature of his claims. He first requests that "this honorable Court . . . correct [Lee's] behavior . . . ." Doc. 1 at 6. He seeks monetary damages, which he describes as "credit for everything [he] lost," in the approximate amount of $10,000. *Id.* He asks for "help" in a child-custody proceeding. *Id.* He also seeks a "separation order against [Lee, because] he makes [Brown] fear for [his] life." *Id.* He wants the Court to "make" Lee provide a "formal letter of apologize." *Id.* Finally, he "would like for this honorable court to help [him] and other people feel comfortable about situations as this." *Id.*

## A. Child Custody Claim

Brown's request that the Court intervene, in some unspecified way, in a child-custody proceeding must be **DISMISSED**. The basis for Brown's request is completely obscure. He alleges that he lost custody of the unidentified child "while [he] was arrested in here." Doc. 1 at 6. There is, therefore, no allegation that his loss of custody was not proper. However, even if he alleged some defect in the custody proceedings, this Court would lack jurisdiction over any such claim.

It is well established that federal courts are courts of limited jurisdiction; possessing only the power afforded to them by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Supreme Court has clearly held that "the domestic relations exception [to federal courts' diversity jurisdiction, pursuant to 28 U.S.C. § 1332] . . . divests the federal courts of power to issue divorce, alimony, *and child custody* decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (emphasis added). Specifically, in child custody cases, the Supreme Court explained over 100 years ago that "[t]he whole subject of the domestic relations of husband and wife, *parent and child*, belongs to the laws of the states, and not to the laws of the United States. As to the right to the control and possession of [a] child, . . . it is one in regard to which neither the Congress of the United States, nor any authority of the United States, has any special jurisdiction." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890). Consistent with that precedent, this Court has also held that "[s]ubjects of divorce, [child] custody, and alimony are within the exclusive jurisdiction of the state courts . . . ." *Grevious v. Sonner*, 2016 WL 7424128, at * 1 (S.D. Ga. Nov. 18, 2016), *adopted* 2016 WL 7422671

(S.D. Ga. Dec. 22, 2016). Brown's request related to the unspecified custody proceedings must, therefore, be **DISMISSED**. *Cf.* Fed. R. Civ. P. 12(h)(3).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

5

### B. 42 U.S.C. § 1983 Claim

Despite the remaining ambiguities in Brown's Complaint, construing it liberally, the Court discerns one claim which survives screening. The Eleventh Circuit has recognized that:

> [t]he Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. A seizure of property occurs when there is 'meaningful interference' with a person's possessory interest in it. *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007). Generally, the seizure of personal property is *per se* unreasonable when not pursuant to a warrant issued upon probable cause. *Id.* Several exceptions, however, exist to this general rule.

*Crocker v. Beatty*, 886 F.3d 1132, 1136 (11th Cir. 2018). Brown has alleged that Lee seized his watch without a warrant and, implicitly, seeks its return. *See* doc. 1 at 5-6. That is sufficient, if only just, to allege a § 1983 claim, for screening purposes. *Cf., e.g., Shirley v. Loudon Cnty. Sheriff's Office*, 2019 WL 3383645, at *5 (N.D. W. Va. May 2, 2019) ("Plaintiff's allegation that Defendant['s] . . . seizure of the Yamaha motorcycle was without a warrant is a claim that Defendant . . . violated Plaintiff's Fourth Amendment right, a right guaranteed by the Constitution. Therefore, Plaintiff has pleaded the three elements of a § 1983 claim.").

6

To be clear, the Court does not conclude that Brown has sufficiently pleaded any claim against defendant Lee.  However, his allegations are sufficient to warrant service of his Complaint.  Therefore, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order and Report and Recommendation shall be served upon defendant Jared Lee of the Savannah Police Department by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure

7

to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during

the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.  *See generally* Fed. R. Civ.

P. 26 to Fed. R. Civ. P. 37.  The discovery period in this case will expire
140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does
not need the permission of the Court to begin discovery, and Plaintiff
should begin discovery promptly and complete it within this time period.
*Id.*  Discovery materials should **not** be filed routinely with the Clerk of
Court; exceptions include: when the Court directs filing; when a party
needs such materials in connection with a motion or response, and then
only to the extent necessary; and when needed for use at trial.  Local R.
26.4.

Interrogatories are a practical method of discovery for incarcerated
persons.  *See* Fed. R. Civ. P. 33.  Interrogatories may be served only on a
**party** to the litigation, and, for the purposes of the instant case, this
means that interrogatories should not be directed to persons or
organizations who are **not named** as a defendant.  Interrogatories are
not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff
wishes to propound more than 25 interrogatories to a party, Plaintiff
must have permission of the Court.  If Plaintiff wishes to file a motion to
compel, pursuant to Federal Rule of Civil Procedure 37, he should first
contact the attorney for Defendants and try to work out the problem; if

Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question

which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's

motion.   Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

## II.   FILING FEE

Finally, it is time for plaintiff to pay his filing fee.  Based on the financial information available, it appears that Brown owes a $38.26 initial partial filing fee.  *See* doc. 6 at 1; 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.  The payment

portion of this Order is to be implemented immediately, as it is not

subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this

<u>7th</u> day of November, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA